TueNEY, J.,
delivered the opinion of the Court.
An indictment or presentment, under the act of Assembly of June 29th, 1870, (Shankiand’s Statutes, p. 602,) in the descriptive words,: “James Robeson, being a negro, mulatto, or person of mixed blood to the third generation inclusive,” is bad. This one paragraph in one count, embraces three offenses in the alternative, which may be contained in as many counts of one presentment or indictment, being of the same nature and visited by like punishment; but, under well established rules of law, lately re-announced by this court, can not be sustained, all being embraced in one count. The motion to quash, should have set forth the grounds for the motion. Such only is the proper practice; but for reasons suggested and justified by the record, we do not feel bound by the rule in this case; and hold, the motion should have been sustained, and the presentment quashed.
By § 5087 of the Code, it is provided: “The grand jury shall send for witnesses, whenever they or any of *268 them, suspect a violation of the laws against, 1, Gaming ; 2, Taking tolls at turnpike or toll bridge gate, opened according to law; 3, Illegal voting; 4, Tippling; 5, Disturbing public worship; 6, Injuries to public buildings.” The law amendatory of this statute, and conferring further inquisitorial powers upon the grand jury, does not embrace the offense of which we are inquiring. The conference of the power and authority upon the grand jury to send for witnesses, in the matters distinctly designated by the law, means to confine it to the exercise expressed, and by implication exclude the right in all other cases.
To a presentment for an offense, not embraced in the law last quoted and referred to, found upon testimony other than that of the knowledge and communication of a member of the grand jury, a plea in abatement is a proper defense, and a demurrer thereto should be overruled.
The word “knowingly,” used in section 2, act of June, 1870, is not necessary to the indictment, it being there employed in reference to proof.
The act giving criminal jurisdiction to the County Court of Hamilton county, declares, it “shall have jurisdiction of all criminal offenses under the grade of grand larceny.” The objection, that the offense charged is not under the grade of grand larceny, and therefore the court has no jurisdiction, is not well taken. The grade of' the offense is to be ascertained from the law declaring it and affixing the punishment. In grand larceny, the punishment is confinement in the penitentiary not less than three nor more than ten years. The *269 offense here charged, is imprisonment for not less than one nor more than five years; exactly the grade and punishment of petit larceny. Besides, the minimum and the maximum of punishment of the offense here charged, are lower than those of grand larceny.
The judgment of the County Court is reversed, and the presentment quashed; but, as the record presents the fact that an indictable offense has been committed, the plaintiffs in error will be returned to the sheriff of Hamilton county, that the court, if it deems right, may order indictments, as provided by § 5093, Sub-div. 9, of the Code.